In the Matter of ALFRED M. HELLMAN, Appellant. EDWARD CORSI, as Industrial Commissioner, Respondent. In the Matter of the Claim of THOMAS M. CLEARY, Respondent. ALFRED M. HELLMAN, Appellant; EDWARD CORSI, as Industrial Commissioner, Respondent.— Appeal by an employer from a consolidated decision of the Unemployment Insurance Appeal Board in the above cases which affirmed a referee's decision which, as modified, sustained an initial determination. During the period in question appellant, a New York City physician, maintaining his office at one location and his home and residence at another, was served by four employees at each place. One was common to each establishment, viz., the chauffeur, whose work performance was partly in connection with appellant's practice of his profession and partly in otherwise serving him and his family. The decision appealed from in effect is that the claimant, the chauffeur, was employed both as a domestic and as a business employee thus making appellant liable for unemployment contributions on account of all the aforesaid employees upon the ground that four persons were employed in each category. (Labor Law, § 560, subd. 1.) The issue, therefore, is as to whether appellant was the employer of four domestic servants and whether claimant-respondent was entitled to a resultant increased benefit rate. Appellant's contention as to his nonliability with respect to contributions as regards the domestic servants is based upon proof that his wife paid the wages of three of them from her independent and personal income. There is no evidence of such a definite contractual relationship between the wife and the servants whose wages she paid as to require a holding that they were wholly and entirely in her exclusive service and employ, as a matter of law. The wife's payment of the servants' wages, for aught that appears, was her voluntary contribution toward the family home upkeep and maintenance which, primarily, was the obligation of the husband. (*Matter of Bouvier [Corsi]*, 268 App. Div. 1075.) Decision unanimously affirmed, with costs to the respondent Industrial Commissioner. Present — Foster, P. J., Brewster, Bergan, Coon and Imrie, JJ.

In the Matter of the Claim of BERTHA LEHRMAN, Appellant. EDWARD CORSI, as Industrial Commissioner, Respondent.— Appeal by claimant from that portion of a decision of the Unemployment Insurance Appeal Board which modified a decision of an unemployment insurance referee. Claimant refused an offer of employment, known to be temporary, on October 11, 1951. It is conceded that the refusal was without good cause. It subsequently developed that the employment would have ended October 16, 1951. The initial determination of the commissioner disqualified claimant generally because of this refusal. The referee modified this determination by limiting the disqualification to the period that the employment would have lasted and determined that the disqualification ended on October 16, 1951. The Unemployment Insurance Appeal Board modified the referee's decision by restoring a general disqualification and sustaining the initial determination of the commissioner. The statute makes no distinction between temporary and permanent employment. In most cases it would be uncertain how long a " temporary " employment would last. The " refusal * * * without good cause " of any employment which otherwise meets the requirements of the statute, whether it be characterized as temporary or permanent is sufficient to warrant disqualification. Decision unanimously affirmed, without costs. Present — Foster, P. J., Brewster, Bergan, Coon and Imrie, JJ.