In the Matter of the Claim of HELEN WEINBERG, Respondent. EDWARD CORSI, as Industrial Commissioner, Appellant.— Appeal by the Industrial Commissioner from a decision of the Unemployment Insurance Appeal Board. Claimant, who had been laid off by previous employer on August 10, 1951, filed for unemployment benefits August 13, 1951. Accepting referral by the employment office for temporary work of unstated duration, she reported for employment during the forenoon of August 21, 1951. She was then told to return at noon for work which would last no more than one day. She refused that work because of its short duration and because the building had a self-service elevator. On September 6 and 7, 1951, again by referral of the employment office, she took

work known to her to be temporary and of definite duration, from which she was laid off at the end of the period for which she was hired. On September 10, 1951, she filed again for benefits. On September 16, 1951, she became employed at work of her own finding. The commissioner's initial determination disqualified her from benefits for an indefinite period beginning August 21, 1951. (Labor Law, § 593, subd. 2.) After the second filing of September 10th, the commissioner ruled that the temporary employment of September 6th and 7th, did not terminate the disqualification. In the decision appealed from the board has ruled that the refusal of employment on August 21st was not for good cause but that the claim should be reinstated as of the first date on which claimant filed for benefits after the termination of her employment on September 7th. Such determination was predicated on the fact that the refused employment of August 21st, would in no event have continued beyond August 24th, after which her unemployment was not attributable to the refusal of temporary employment. On this appeal it is contended that a disqualification under subdivision 2 of section 593, is effective until claimant obtains employment of a permanent nature and subsequently becomes unemployed, citing, as authority for such view, the decision of this court in *Matter of Palmieri (Corsi)* (276 App. Div. 417). That case does not support appellant's position. In a later case (*Matter of Lehrman [Corsi]*, 281 App. Div. 936) this court has said, " The statute makes no distinction between temporary and permanent employment." In the *Palmieri* case it was obvious that intent coupled with claimant's *scienter* as to temporary character of employment limited to the Christmas post office rush was not sufficient to remove his disqualification. Claimant in the instant case, involuntarily unemployed, was actively and in good faith seeking regular employment, as was, in part, evidenced by the fact that shortly after the second filing for benefits she obtained regular employment and removed herself from the unemployment roll by her own efforts. The decision of the Appeal Board is supported by substantial evidence. Decision of the Unemployment Insurance Appeal Board unanimously affirmed, with costs to the claimant-respondent. Present — Foster, P. J., Bergan, Coon, Halpern and Imrie, JJ.