In the Matter of the Claim of Betty Mittleman, Respondent. Edward Corsi, as Industrial Commissioner, Appellant.

Third Department, November 20, 1953.

Nathaniel L. Goldstein, Attorney-General (Francis R. Curran and Wendell P. Brown of counsel), for appellant.

Wilbur Daniels, Robert Silagi and Morris P. Glushien for respondent.

IMRIE, J. Appeal by the Industrial Commissioner from a decision of Unemployment Insurance Appeal Board. On August 3, 1951, claimant voluntarily, and without good cause, left employment of several years' duration. September 4, and 5, 1951, she worked in a department store as a demonstrator. While she knew that work was temporary in nature, its duration was not specified. She was laid off temporarily because materials to be used for demonstrating were not available. Later she filed for unemployment benefits effective September 17, 1951. The commissioner's initial determination suspended her from benefits for a period of forty-two consecutive days from September 17, 1951, to October 28, 1951, under the provisions of paragraph (c) of subdivision 1 of section 593 of the Unemployment Insurance Law (Labor Law, art. 18), in that she had voluntarily left an employment without good cause. The decision of the hearing referee overruled that determination. On appeal the Unemployment Insurance Appeal Board affirmed the referee's decision, adopting his findings of fact and conclusions of law, but making a supplementary finding that the last employer by whom claimant was employed before she filed claim for benefits later recalled her to work and that she was there employed for about two months.

It may not be gainsaid that, if claimant, voluntarily leaving an employment without good cause, had filed for benefits before accepting the temporary work, her disqualification for the stated period would have necessarily followed. However, her temporary work intervened between the time of such quitting and of her filing for benefits. Having involuntarily left such an intervening employment of the nature and under the circumstances here disclosed, was she disqualified from receiving

benefits for the latter unemployment by reason of her voluntary relinquishment of the antecedent employment? As appellant points out, it is true that section 501 of the Unemployment Insurance Law declares the statute to be "for the benefit of persons unemployed through no fault of their own." Likewise it is true that the safeguards against its misapplication should not be permitted to be nullified by such a subterfuge as taking a few days' work to erase a disqualification for a voluntary abandonment of employment. Appellant's argument suggests that new permanent employment is necessary to remove a disqualification of the character here under consideration citing the decision of this court in *Matter of Palmieri (Corsi)* (276 App. Div. 417).

A remedial statute or one of beneficent purpose should, of course, be liberally construed to accomplish the legislative intent. That end will not be accomplished by reading into the statute a distinction between "permanent employment" and "temporary employment" when it contains no such distinction. Such words are difficult of definition in terms of the realities of life. In *Matter of Lehrman (Corsi)* (281 App. Div. 936) this court said, "The statute makes no distinction between temporary and permanent employment." Intent, scienter and *bona fides* properly have weight in determining whether the circumstances of a so-called temporary employment may be such as to remove a disqualification for benefits imposed after the voluntary quitting of an antecedent employment. In the *Palmieri* case (*supra*) there was no holding that such a disqualification could be removed only by subsequent permanent employment.

This claimant, unemployed of her own volition, took work known to be temporary but of unspecified duration. After two days she became unemployed for the employer's convenience. She did not file for benefits until two weeks after she was laid off. After a delay of longer duration than had been anticipated she resumed her employment. The circumstances justify the inference that she did not seek a position of determinable temporary character for the sole purpose of removing her disqualification but, rather, that she sought and obtained work in accord with her previous experience and with a former employer. Thus it appears that her entering employment on September 4th was a bona fide effort to obtain employment rather than a subterfuge to establish a situation whereby she might obtain unemployment benefits by reason of her voluntarily leaving employment on August 3, 1951.

The decision of the Unemployment Insurance Appeal Board should be affirmed, with costs to claimant.

FOSTER, P. J., BERGAN, COON and HALPERN, JJ., concur.

Decision of the Unemployment Insurance Appeal Board affirmed, with costs to the claimant-respondent against the Industrial Commissioner.