In the Matter of the Claims of RICHARD E. LASHER et al., Claimants, and WALLACE OAKES et al., Respondents. EDWARD CORSI, as Industrial Commissioner, Appellant.— Appeal by the Industrial Commissioner from that part of the decision of the Unemployment Insurance Appeal Board which related to claimants Oakes and Lickers. The two claimants involved in this

appeal are structural steel workers who had been working for the Bethlehem Steel Company. On October 3, 1949, they stopped work because of an industrial controversy. A week later, on October 10, 1949, the claimants went to work for another employer in a different community. After six days of work they were laid off and filed claims for unemployment insurance benefits. The Unemployment Insurance Appeal Board has held that the disqualification arising from the industrial controversy terminated when the claimants obtained employment with another employer. The Industrial Commissioner appeals. We think the appeal board correctly decided the question. The statute, subdivision 1 of section 592 of the Unemployment Insurance Law (Labor Law, art. 18), provides that the accumulation of benefit rights by a claimant "shall be suspended" during a period "of seven consecutive weeks beginning with the day after he lost his employment" because of an industrial controversy "in the establishment in which he was employed". It also provides, however, that this disqualification does not run after the industrial controversy is terminated. We think that the sense of this is that when an employee who stops work because of an industrial controversy enters the employ of another employer the effect as to him, at least, is a cessation of the industrial controversy. Other disabilities have been regarded as terminated under similar conditions. It has been held, for example, that the penalty for leaving employment without good cause ends when the claimant accepts a new employment (*Matter of Mittleman* [*Corsi*], 282 App. Div. 587) and the penalty for refusal to accept employment without just cause ends when new employment is accepted (*Matter of Weinberg* [*Corsi*], 282 App. Div. 975). The disability here should be treated similarly. Decision of Unemployment Insurance Appeal Board unanimously affirmed, without costs. Present — Foster, P. J., Bergan, Coon, Halpern and Imrie, JJ. [See 284 App. Div. 856.]